An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

TUAN "TONY" NGUYEN,
Appellant,
vs.
JAZZ ALDRICH,
Respondent.

No. 59597

FILED

MAY 1 6 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER VACATING JUDGMENT AND REVERSING AND REMANDING

This is an appeal from a district court order dismissing a request for a trial de novo and entering judgment on an arbitration award. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge; Janet J. Berry, Judge.

The district court dismissed appellant's request for a trial de novo, which appellant sought following entry of an arbitrator's award in favor of respondent in the mandatory court-annexed arbitration program. The district court determined that, under NSTR 4(a)(1) and NSTR 31(b)(1), appellant was required to pay in advance the costs for jury fees and that his failure to meet this obligation required dismissal of the trial de novo request. Appellant filed this appeal challenging the dismissal and raising other issues.

Our review on appeal is limited to the dismissal of the request for trial de novo.[1] *See* NAR 18(F). This court reviews a district court's

---

[1]Based on the limitation to our review on appeal under NAR 18(F), and our disposition, we do not reach appellant's remaining arguments on appeal; these arguments can be addressed by the district court on remand. The district court should also reconsider appellant's request for removal from the short trial program in light of our disposition.

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 14466

ruling on a trial de novo request for an abuse of discretion. *Casino Properties, Inc. v. Andrews*, 112 Nev. 132, 135-36, 911 P.2d 1181, 1183 (1996). Having reviewed the briefs and appendices on appeal, we conclude that the district court incorrectly dismissed appellant's trial de novo request based on the failure to pay the jury fees. NSTR 4(a)(1) requires the payment of "applicable juror fees." As argued by appellant, he did not seek a jury trial in his request for a trial de novo. Respondent likewise did not file a demand for a jury trial. Therefore, no jury fees were necessary in this proceeding. As there were no "applicable juror fees," appellant was under no obligation to pay for unnecessary jury fees. The same outcome results under the requirements of NSTR 31(b)(1). Accordingly, the district court abused its discretion in dismissing the request for a trial de novo and we

ORDER the judgment of the district court VACATED and we REVERSE AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Connie J. Steinheimer, District Judge
Hon. Janet J. Berry, District Judge
Donald D. Beury
Jazz Aldrich
Washoe District Court Clerk